IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNEY M. EVANS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-2149-K |
| § | |
| CITY OF IRVING, et al., § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, entered March 2, 2006, the District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court is Defendants City of Irving ("the City") and Scott Whitt's ("Whitt") Rule 12(b)(5) and Rule 12(b)(6) Motion to Dismiss. Plaintiff Johney E. Evans ("Plaintiff") filed a response, the City and Whitt filed a reply, and Plaintiff filed a Rule 7(a) reply.

## BACKGROUND

On November 4, 2003, Whitt, an Irving Police Officer, arrested Plaintiff at his place of employment. (*Pl.'s Compl.* at 2.) Plaintiff states that Whitt claimed to have a warrant for Plaintiff's arrest but Whitt did not show the arrest warrant to Plaintiff. (*Id.*) Whitt then took Plaintiff to Irving Jail, where the Irving Police Department booked Plaintiff. (*Id.* at 3.) The Irving Police Department informed Plaintiff that his bond was set at $5,000, and they did not allow Plaintiff to immediately access a telephone. (*Id.*) One of Plaintiff's co-workers arranged bond for Plaintiff, and Plaintiff was released. (*Id.*)

Plaintiff states that before his arrest on November 4, 2003, Whitt tried to contact Plaintiff by calling his home telephone number. (*Id.*) Whitt left a message for Plaintiff. Plaintiff states that

he did not return the call because he was invoking his right to remain silent. (*Id.*)

Plaintiff states that he was unaware of the charges against him and that he did not ever see the warrant for his arrest. (*Id.*) The day after Plaintiff's release, Plaintiff checked the Dallas County warrant system and the Dallas County District Attorney's Office for records of a warrant for Plaintiff's arrest and did not find any such records. (*Id.*) Plaintiff states that the Irving Police Department produced both the arrest warrant and the underlying affidavit in response to a records request by Plaintiff, but Plaintiff believes that the affidavit and the warrant were forged. (*Id.*) Plaintiff believes that the affidavit and warrant were forged because a municipal court, rather than a criminal district court issued the warrant; the bond amount was hand-written at the top of the warrant; Whitt, rather than a prosecuting attorney, prepared the affidavit; and neither the affidavit nor the warrant lists the section of the penal code under which Plaintiff was charged. (*Id.* at 4.)

Plaintiff, proceeding *pro se*, initiated this lawsuit on November 2, 2005, against Defendants the City, Whitt, the Irving Police Department, the Irving City Council, and the Mayor of Irving (collectively "Defendants"). Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution by falsely arresting him without a warrant and by conspiring to forge a warrant. (*Id.* at 5.) Also pursuant to § 1983, Plaintiff claims that Defendants violated his rights under the Fifth and Sixth Amendments to the United States Constitution by violating his right to remain silent, by failing to present Plaintiff the arrest warrant, and by failing to inform Plaintiff of the charges against him. (*Id.*) Pursuant to state law, Plaintiff accuses Defendants of criminal conspiracy, burglary, record of a fraudulent court, and official oppression. (*See id.* at 10-11.) Plaintiff seeks actual damages, liquidated damages, punitive damages, court costs, attorney's fees, and pre and post-judgment interest. (*Id.* at 15.)

The City moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) for failing to effectuate proper service. (*Def.'s Mot.* at 2.) *See* FED. R. CIV. P. 12(b)(5). The City and Whitt move to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*Def.'s Mot.* at 2.) *See* FED. R. CIV. P. 12(b)(6). Whitt claims that qualified immunity bars Plaintiff's federal claims against him. (*See Def.'s Mot.* at 4-7.) The City claims that Plaintiff does not state an actionable federal claim against it. (*Id.* at 7-13.) As to Plaintiff's state law claims, Whitt argues that Plaintiff cannot sue Whitt in his individual capacity because Plaintiff elected to proceed against the City instead and that he is entitled to official immunity for the claims against him in his official capacity. (*Id.* at 13-14; 18.) The City argues that sovereign immunity bars Plaintiff's state claims against it and that Plaintiff failed to provide the City with notice of his claims as required by statute. (*Id.* at 14-17.) The City and Whitt additionally claim that Plaintiff cannot state a civil claim for violation of criminal statutes and that Plaintiff is not entitled to punitive damages. (*Id.* at 19.)

## STANDARD OF REVIEW

When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## DISCUSSION

### I. Does Qualified Immunity Bar Plaintiff's Federal Claims Against Whitt?

The Court first turns to Whitt's contention that qualified immunity bars Plaintiff's federal claims against him. When determining whether Whitt is entitled to qualified immunity, the Court must consider two issues: (1) whether Plaintiff has alleged a violation of a clearly established constitutional right and (2) if so, whether Whitt's conduct was objectively unreasonable in light of the clearly established law at the time of the incident. *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). The Court begins its qualified immunity analysis with an examination of whether Plaintiff has alleged a violation of a clearly established constitutional right. *See Wilson*, 526 U.S. at 609 (indicating that "[d]eciding the constitutional question before addressing the qualified immunity question . . . promotes clarity in the legal standards for official conduct").

To state a § 1983 claim, Plaintiff must show that Whitt acted under the color of law and that Whitt's conduct deprived Plaintiff of a constitutional right, privilege, or immunity. *Parratt v.*

4

*Taylor*, 451 U.S. 527, 532 (1981). As a state employee, Whitt clearly was acting under the color of state law. Thus, the issue is whether Plaintiff has stated a claim that Whitt deprived Plaintiff of a constitutional right, privilege, or immunity.

**A. Has Plaintiff Stated Claims for Fourth and Fourteenth Amendment Violations?**

Plaintiff claims that Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution by falsely arresting him without a warrant and by conspiring to forge a warrant. (*Pl.'s Compl.* at 5.) Generally, federal courts apply state law when determining the legality of an arrest by a state officer for a state offense. *Hart v. O'Brien*, 127 F.3d 424, 439 (5th Cir. 1997). But, because Plaintiff is proceeding under § 1983, he alleges that he was deprived rights secured by the United States Constitution, and therefore, state law does not apply. *Id.*

The Fourth Amendment, as applied to the states through the Fourteenth Amendment, protects individuals from unreasonable searches and seizures. "A seizure of the person within the meaning of the Fourth and Fourteenth Amendments occurs when, 'taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he [or she] was not at liberty to ignore the police presence and go about his [or her] business.'" *Kaupp v. Texas*, 538 U.S. 626, 629 (2003) (per curiam) (quoting *Florida v. Bostick*, 501 U.S. 429, 437 (1991) (internal citations omitted)). An arrest clearly qualifies as a seizure within the meaning of the Fourth Amendment, but the issue in this case is whether Plaintiff's arrest was an *unreasonable* seizure.

Unless a specific exception applies, a police officer must have a warrant approved by a judge or magistrate before effectuating an arrest. *See Thompson v. Louisiana*, 469 U.S. 17, 19-20 (1984)

5

(per curiam) (stating that "this Court has stressed that 'searches [and seizures] conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment - subject only to a few specifically established and well delineated exceptions'") (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). In this case, the facts alleged by Plaintiff demonstrate that Whitt had a warrant for Plaintiff's arrest. Plaintiff claims, however, that even if Whitt had an arrest warrant, that the warrant was forged. If probable cause supports a facially valid warrant, an arrest pursuant to such a warrant does not result in a Fourth Amendment violation. *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979). The facts alleged by Plaintiff - a municipal court, rather than a criminal district court issued the warrant, the bond amount was hand-written at the top of the warrant, Whitt, rather than a prosecuting attorney, prepared the affidavit, and neither the affidavit nor the warrant lists the section of the penal code under which Plaintiff was charged - do not illustrate that probable cause did not support the warrant. "The sole issue [under the Fourth Amendment] is whether there is probable cause for detaining the arrested person pending further proceedings." *Id.* at 143. Thus, although Plaintiff's allegations may demonstrate failure to comport with state warrant requirements, Plaintiff does not state a claim for a Fourth Amendment violation because he does not allege that probable cause did not support the arrest warrant.

Plaintiff also alleges that Whitt conspired to forge the warrant. (*See Pl.'s Compl.* at 5.) Plaintiff does not specify with whom Whitt conspired or the basis for the forgery claim, other than Plaintiff's own belief. A conspiracy requires an agreement between one or more persons, but Plaintiff describes no facts evidencing such an agreement. In addition, the deficiencies in the arrest warrant alleged by Plaintiff evidence a possible failure to comply with state warrant requirements

6

but do not evidence forgery. As Plaintiff himself states, the warrant was issued by a court, which would show that Whitt did not unilaterally complete the warrant.

The Court concludes that Plaintiff does not state a claim for an unreasonable arrest in violation of the Fourth and Fourteenth Amendments. Plaintiff states that Whitt told Plaintiff that he had a warrant for his arrest and that the Irving Police Department produced a copy of the warrant. Plaintiff does not allege that probable cause did not support the arrest warrant. He only claims that the warrant was not issued with the proper formalities, which does not amount to a constitutional violation. In addition, Plaintiff's conclusory allegations of Whitt conspiring to forge the warrant are not sufficient to survive a motion to dismiss. The Court, therefore, concludes that Whitt is entitled to qualified immunity against Plaintiff's Fourth and Fourteenth Amendment claims.

### B. Has Plaintiff Stated Claims for Fifth and Sixth Amendment Violations?

Plaintiff claims that Defendants violated his rights under the Fifth and Sixth Amendments to the United States Constitution by violating his right to remain silent, by failing to present Plaintiff the arrest warrant, and by failing to inform Plaintiff of the charges against him. The Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." To help prevent the coercion of confessions by suspects, police officers must give *Miranda* warnings, which provide that a suspect has the right to an attorney and has the right to remain silent during interrogation. *See Dickerson v. United States*, 530 U.S. 428, 434-35 (2000) (explaining the holding and purpose of *Miranda v. Arizona*, 384 U.S. 436 (1966)). The rights guaranteed by *Miranda*, however, only apply to prevent coerced confessions during custodial interrogation. *See Miranda*, 384 U.S. at 467 (explaining that when a suspect undergoes "in-custody interrogation," the suspect "must be

adequately and effectively apprised of his [or her] rights"). Thus the suspect must be in custody and undergoing interrogation to invoke his or her right to counsel and right to remain silent.

Plaintiff seems to allege that he invoked his right to remain silent when he refused to talk to Whitt when Whitt called Plaintiff on November 4, 2003. Plaintiff then seems to claim that Whitt violated Plaintiff's right to remain silent by arresting Plaintiff later that day. The Court concludes that Plaintiff has not stated a claim for a Fifth Amendment violation because Whitt's alleged failure to respect Plaintiff's right to remain silent occurred before Plaintiff was in custody, as did Plaintiff's invocation of his right to remain silent. Plaintiff does not allege either that he invoked his right to remain silent after he was arrested or that Whitt attempted to interrogate Plaintiff in violation of his right to remain silent. Thus, the Court concludes that Plaintiff has not stated a claim for a Fifth Amendment violation and that Whitt is entitled to qualified immunity against Plaintiff's Fifth Amendment claim.

Turning now to Plaintiff's Sixth Amendment claim, the Sixth Amendment provides that an accused in a criminal prosecution has the right "to be informed of the nature and cause of the accusation." Plaintiff claims that Whitt violated his Sixth Amendment right to be informed of the charges against him by not showing him the arrest warrant and by failing to tell Plaintiff of the charges against him. The Court concludes that Plaintiff has not plead facts demonstrating that his Sixth Amendment rights had been triggered. The accused *in a criminal prosecution* has the right to know the charges against him or her. Plaintiff has not stated that a criminal prosecution had been commenced against him. He states that he was arrested and released, but he never says that he was charged with a crime. Accordingly, the Court concludes that his Sixth Amendment rights had not been triggered and that he fails to state a Sixth Amendment claim against Whitt. Therefore, the

8

Court concludes that Whitt is entitled to qualified immunity against Plaintiff's Sixth Amendment claim.

## II. Does Plaintiff State an Actionable Federal Claim Against the City?

The City claims that Plaintiff does not state an actionable claim against it because "a municipality may only be held liable for those acts for which it is actually responsible" under § 1983. (*Def.'s Mot.* at 7.) "[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (summarizing the holding in *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). In order for the City to be liable for the actions of Whitt, Plaintiff must show that Whitt was acting in accordance with a City policy or custom when he violated Plaintiff's constitutional rights. *Id.*

To state a claim against the City based upon Whitt's alleged violation of Plaintiff's constitutional rights, Plaintiff must: (1) identify the custom or policy pursuant to which Whitt was acting; (2) illustrate a connection between the policy or custom and the City; and (3) demonstrate that Plaintiff suffered a constitutional injury because of the execution of the particular policy or custom. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). Because the Court concluded above that Plaintiff has not plead facts demonstrating that Whitt violated his constitutional rights, the Court does not need to examine whether Whitt was acting in accordance with a City policy or custom. Without an underlying constitutional violation by Whitt, no basis exists for the City's liability. Thus, the Court concludes that Plaintiff does not state an actionable federal claim against the City.

## III. Can Plaintiff Pursue State Claims Against Whitt and the City?

In addition to Plaintiff's federal claims pursuant to § 1983, Plaintiff alleges multiple state

law claims against Whitt and the City. 28 U.S.C.A. § 1367(a) states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.A. § 1367(c) provides that district courts may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." Because the Court has found that Plaintiff fails to state any federal claims against Whitt and the City, the Court recommends that the District Court exercise its discretion and decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims.

## IV. Conclusions

The Court concludes that Whitt has qualified immunity against Plaintiff's federal claims. The Court concludes that Plaintiff does not state any actionable federal claims against the City. Because the Court concludes that Plaintiff has failed to state any federal claims pursuant to § 1983, the District Court has discretion to dismiss Plaintiff's pendent state law claims.

## V. Recommendation

The Court recommends that the District Court **GRANT** Whitt and the City's motion to dismiss and dismiss Plaintiff's claims with prejudice.

Signed this 9th day of August, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

10

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).